FILED

2017 Nov-07  PM 03:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **AMBERLY FORTENBERRY,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 5:17-CV-01608-HNJ** |
| | ) | |
| **GEMSTONE FOODS, LLC; RCF, LLC,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## COMPLAINT

Plaintiff, Amberly Fortenberry, complains of Defendants, stating as follows:

### Nature of the Action

1.       This is a civil action brought by Plaintiff under the Equal Pay Act.

### Jurisdiction and Venue

2.       This action arises under 29 U.S.C. § 206(d). The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 because it involves a federal question.

3.       This judicial district is an appropriate venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the suit happened in this judicial district.

### Parties

4.       The Plaintiff, Amberly Fortenberry, is an individual adult of sound mind and is domiciled in Morgan County, Alabama.

5.       Defendant, Gemstone Foods, LLC, is a private for-profit foreign limited liability company organized under the laws of the State of Mississippi and at all times material hereto, was qualified to do business in Alabama, and did business by operating a poultry processing facility at 641 Holly Street NE, in Decatur, Morgan County, Alabama.

1

6.      Defendant, RCF LLC, is a private for-profit foreign limited liability company organized under the laws of the State of Mississippi and at all times material hereto, was qualified to do business in Alabama, and did business by operating a poultry processing facility at 641 Holly Street NE, in Decatur, Morgan County, Alabama.

**Facts**

7.      Amberly Fortenberry is female.

8.      Fortenberry began working for Gemstone Foods, LLC, or RFC, LLC in January 2015.

9.      Fortenberry was quickly promoted to Purchasing Manager, a salaried position, in February, 2015, due to her outstanding job performance.

10.     Fortenberry was the only female manager at RFC outside of the human resources department.

11.     In addition to their regular hours during the work week, Managers were frequently required to work weekends.

12.     At all times while Fortenberry was employed by RFC, male managers received pay for the time they worked on weekends.

13.     At all times while Fortenberry was employed by RFC, she did not receive pay for the time she worked on weekends.

14.     Fortenberry learned that male managers were receiving pay for weekend work and on July 30th, 2017, she requested to be paid for the time she had worked on weekends.

15.     RFC's Plant Manager, Jordan Scott, denied her request and told her that the weekend pay "program" was being phased out.

16.     RFC's office in Decatur had an atmosphere of disdain for female employees.

2

17.     During Fortenberry's tenure, RFC's Controller, Gil Moats, told her as she bent over to pick something up from the floor, that she should be careful not to fall over because she was "top heavy," referring to her breasts.

18.     On another occasion, Moats announced to the entire office staff that the cause of a computer virus was Fortenberry's visit to a pornography website called "want to fuck dot com." Moats then laughed at the false statement while Fortenberry was embarrassed.

19.     Fortenberry resigned her employment with RFC on August 1st, 2017.

20.     On August 2nd, 2017, RFC Plant Manager, Jordan Scott, presented Fortenberry with a written offer of the equivalent of 4 weeks' pay, less payroll deductions and withholding, in exchange for a release of all claims against RFC, confidentiality, and an agreement not to saying anything bad about Gemstone, among other terms.

21.     Fortenberry refused to sign the release and was not paid.

22.     During the entire time she worked at RFC, Fortenberry had no disciplinary action taken against her.

## Count I – Equal Pay Act

23.     At all times relevant to the allegations in this Complaint, Plaintiff was an employee engaged in commerce entitled to the protection of the EPA.

24.     At all times relevant to the allegations in this Complaint, Defendants were employers subject to the EPA's provisions.

25.     Plaintiff is female and worked in a Manager position with the Defendants.

26.     Male Managers also worked in the same place of business for the Defendants.

27.     The work that the Plaintiff and the male managers do required substantially similar skill, effort and responsibilities.

3

28.     The work that the Plaintiff and the male Managers did was performed under similar working conditions.

29.     The male Managers who worked for the Defendants were paid a higher wage than the Plaintiff.

30.     The reason that the male Managers were paid a higher wage was due to their gender.

31.     The refusal to pay the Plaintiff an equal wage was willful.

32.     The conduct of Defendants proximately caused injury and damage to Plaintiff, including the following:

33.     Plaintiff was caused to lose wages and other benefits.

**Relief Sought**

34.     As relief, Plaintiff seeks compensatory damages, back pay, an equal amount as liquidated damages, prejudgment interest and post-judgment interest at the highest rates allowed by law, reasonable attorney's fees, costs expert witness fees, an amount to compensate Plaintiff for any adverse tax consequences as a result of a favorable judgment, and such other relief to which she may be entitled.

                                        ___s/ B. Scott Shipman____
                                        B. Scott Shipman (ASB-8647-S82B)

**OF COUNSEL FOR PLAINTIFF:**
Shipman & Associates, P.C.
218 West Market Street
Athens, AL 35611
256-232-5262
shipman@shipmanlaw.org

**Jury Demand**

Plaintiff requests a trial by jury.

                                        ___s/ B. Scott Shipman____
                                        B. Scott Shipman (ASB-8647-S82B)

**OF COUNSEL FOR PLAINTIFF:**
Shipman & Associates, P.C.
218 West Market Street
Athens, AL 35611
256-232-5262
shipman@shipmanlaw.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **November 7, 2017**, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notice to all Counsel of record:

_____ s/ John W. Sheffield _____
John W. Sheffield (ASB-7423-D62J)
**JOHN W. SHEFFIELD, LLC**
400 Union Hill Drive, Suite 350
Birmingham, AL 35209
613-7859
Fax: 327-3730
John.sheffield@outlook.com

_____ Robert Evans Sanders _____
Robert Evans Sanders (Miss. Bar #6446)
**YOUNG WELLS WILLIAMS, PA**
141 Township Ave. Suite 300
PO Box 6005
Ridgeland, MS 39158-6005
601-948-6100
Fax: 601-355-6136
rsanders@youngwells.com

_____ s/ B. Scott Shipman _____
B. Scott Shipman (ASB-8647-S82B)

**OF COUNSEL FOR PLAINTIFF:**
Shipman & Associates, P.C.
218 West Market Street
Athens, AL 35611
256-232-5262
shipman@shipmanlaw.org